**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE ELIAS LUEVANO-MAYORGA, <br><br> Defendant. | No. CR01-3062-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A.  Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . . . 3
    *B.  Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        *1.  Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        *2.  Claims of ineffective assistance at issue here* . . . . . . . . . . . . . 7
            *a.  Failure to seek a variance* . . . . . . . . . . . . . . . . . . . . . 7
            *b.  Failure to object to increase in base offense level* . . . . . 8
            *c.  Failure to challenge prior conviction* . . . . . . . . . . . . . 9
            *d.  Failure to raise selective prosecution as a defense* . . . . 11
    *C.  Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION AND BACKGROUND

In an one-count indictment returned on November 28, 2001, defendant Jose Elias Luevano-Mayorga was charged with being a previously deported alien who was found in the United States without the express consent of the Attorney General, in violation of 8 U.S.C. §§ 1326(a) & (b). Defendant Luevano-Mayorga subsequently entered a plea of guilty to the charge contained in the indictment without a written plea agreement. Defendant Luevano-Mayorga was subsequently sentenced to 57 months imprisonment. Defendant Luevano-Mayorga appealed his sentence and conviction. On appeal, defendant Luevano-Mayorga asserted that the court abused its discretion in denying his motion for a downward departure based on cultural assimilation. He also argues that the court erred in increasing his base offense level by sixteen levels for a prior felony drug conviction in California. Finally, on appeal, he asserted that his counsel was ineffective in failing to object to the court's increasing his base offense level by sixteen levels for the prior felony drug conviction. Defendant Luevano-Mayorga's appeal was denied. *See United States v. Luevano-Mayorga*, 52 Fed. Appx. 310, 311 (8th Cir. 2003).

Pursuant to 28 U.S.C. § 2255, defendant Luevano-Mayorga filed his Motion To Vacate, Set Aside Or Correct Sentence which is presently before the court. Defendant Luevano-Mayorga raises the following claims in his § 2255 motion: (1) that his counsel was ineffective in failing to seek a variance in his sentence due to the absence of fast-track programs; (2) that his counsel was ineffective in failing to object to the court's increasing his base offense level by sixteen levels for a prior felony drug conviction in California; (3) that his counsel was ineffective in not challenging the inclusion of two prior criminal convictions in assessing his criminal history; and, (4) that his counsel was ineffective in not challenging the decision of the United States Attorney to prosecute him in this case.

2

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson*

3

*v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1346 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir.

4

2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'"), *cert. denied*, 126 S. Ct. 2341 (2006) (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### B. Ineffective Assistance Of Counsel

The underlying merits of defendant Luevano-Mayorga's claims lie in whether defendant Luevano-Mayorga can demonstrate ineffective assistance of his counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective

5

assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will address defendant Luevano-Mayorga's specific claims after briefly reviewing the standards for a claim of ineffective assistance of counsel.

### *1.  Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *Ledezma-Rodriguez*, 423 F.3d at 836 (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690).

6

Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). The court will now consider defendant Luevano-Mayorga's specific claims of ineffective assistance of counsel.

### 2. *Claims of ineffective assistance at issue here*
### a. *Failure to seek a variance*

Defendant Luevano-Mayorga contends that his counsel was ineffective in failing to

7

seek a downward variance based on the absence of fast-track programs. This claim is foreclosed by the Eighth Circuit Court of Appeals's holding that "variances based on the absence of fast-track programs are impermissible." *United States v. Gonzalez-Alvardo*, ---F.3d---, 2007 WL 569859 (8th Cir. Feb. 26, 2007) (citing *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006)). In so holding, the Eighth Circuit Court of Appeals agreed with the reasoning and result reached by seven of its sister federal courts of appeals. *See United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006); *United States v. Arevalo-Juarez*, 464 F.3d 1246, 1251 (11th Cir. 2006); *United States v. Mejia*, 461 F.3d 158, 163 (2d Cir. 2006); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006); *United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006); *United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 309 (2006); *United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir.2006), *cert. denied*, 127 S. Ct. 928 (2007). Thus, it is clear that defendant Luevano-Mayorga's counsel cannot be faulted for not seeking a downward variance based on the absence of fast-track programs. Therefore, this part of defendant Luevano-Mayorga's motion is denied.

### b. *Failure to object to increase in base offense level*

Defendant Luevano-Mayorga also asserts that his counsel was ineffective in failing to object to the court's increasing his base offense level by sixteen levels for a prior felony drug conviction in California. Under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(i), a sixteen-level increase is required when the defendant was previously deported after a "drug trafficking offense for which the sentence imposed exceeded 13 months." As defined in the United States Sentencing Guidelines, a "drug trafficking offense" is "an offense under federal, state, or local law that prohibits the manufacture,

8

import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt.n.1. Although defendant Luevano-Mayorga claims that his pre-deportation offense was for simple possession of heroin, he has not provided any documentary support for this assertion. The court notes that the indictment to which he plead guilty to in this case described the pre-deportation offense as a felony purchase of heroin for sale and the presentence investigation report (PSIR) noted the facts underlying the offense: that he was caught with 10 bindles of heroin totaling, 4.25 grams. Luevano-Mayorga did not object to the PSIR paragraph describing the offense. *See United States v. Townsend*, 408 F.3d 1020, 1022 n.2 (8th Cir. 2005) (noting that a district court may accept as true all unobjected-to factual statements in the PSIR); *United States v. Yahnke*, 395 F.3d 823, 825 n.2 (8th Cir. 2005) (same); *United States v. Beatty*, 9 F.3d 686, 690 (8th Cir. 1993) (same); *United States v. Montanye*, 996 F.2d 190, 192-93 (8th Cir. 1993) (same). Therefore, based on this record, the court concludes that defendant Luevano-Mayorga has not demonstrated that he was prejudiced by his counsel's failing to object to the court's increasing his base offense level by sixteen levels for Luevano-Mayorga's prior felony drug conviction. Therefore, this part of defendant Luevano-Mayorga's motion is denied.

### c. *Failure to challenge prior conviction*

Defendant Luevano-Mayorga next asserts that his counsel was ineffective in not challenging the inclusion of a prior criminal conviction in assessing his criminal history. Specifically, defendant Luevano-Mayorga asserts that he did not commit the offenses of being under the influence of intoxicating liquor and making a false representation to a

9

police officer in Bakersfield, California in 1996.[1] Defendant Luevano-Mayorga asserts that because this conviction was erroneously included in assessing his criminal history, he was incorrectly assigned to be in criminal history category IV rather than III and sentenced at the higher guideline range as a result.

Defendant Luevano-Mayorga was assessed one criminal history point for a criminal conviction in Bakersfield, California in 1996, for being under the influence of intoxicating liquor and making a false representation to a police officer. Defendant Luevano-Mayorga was assessed a total of seven criminal history points based on a total of six prior convictions. Defendant Luevano-Mayorga again has not provided any documentary support which would substantiate his assertion that he did not commit the offenses of being under the influence of intoxicating liquor and making a false representation to a police officer. The court notes that he did not object to the PSIR paragraph describing these offenses or raise the issue of his committing these offenses at the time of his sentencing even though he indicated, in response to the court's questions, he had an opportunity to review his PSIR with counsel and understood and agreed with the PSIR. Transcript of Sentencing at 3. Therefore, based on this record, the court concludes that defendant Luevano-Mayorga has not demonstrated that he was prejudiced by his counsel's failing to challenge the inclusion of his prior criminal conviction for being under the influence of intoxicating liquor and making a false representation to a police officer in assessing his criminal history. Therefore, this part of defendant Luevano-Mayorga's motion is also

---

[1] The PSIR indicates that defendant Luevano-Mayorga lived in Bakersfield, California from 1984 to 1993, at which point he was imprisoned for a felony drug offense and subsequently deported. The PSIR also indicated that five of defendant Luevano-Mayorga's six siblings reside in the Bakersfield, California, area.

10

denied.[2]

### d. Failure to raise selective prosecution as a defense

Defendant Luevano-Mayorga further argues that his counsel was ineffective in not challenging the decision of the United States Attorney to prosecute him in this case. In essence, defendant Luevano-Mayorga asserts that his counsel was ineffective in not raising a selective prosecution claim as a defense in this case.

In considering a claim of selective prosecution, the court notes that a "presumption of regularity" supports prosecutorial decisions and courts must presume that prosecutors have properly discharged their official duties absent clear evidence to the contrary. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). The government has "broad discretion" when deciding who to prosecute and which charges to bring. *Wayte v. United States*, 470 U.S. 598, 607 (1985). "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The only restraint on this discretion is that the government may not selectively enforce criminal laws on the basis of race, religion, or other arbitrary classification. *Id.* at 608. "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." *Armstrong*, 517 U.S. at 465. The test for dismissal of a charge for selective prosecution is two-pronged: the claimant must prove that the government's enforcement technique "had a discriminatory effect and that it was

---

[2] The court notes that even if defendant Luevano-Mayorga could demonstrate that he did not commit these two offenses, he could still have been sentenced to the same term of imprisonment under Criminal History Category III as he received under Criminal History IV, albeit such a sentence would have been on the high end of the guideline range.

11

motivated by a discriminatory purpose." *Wayte*, 470 U.S. at 608; *accord United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004); *Jefferson v. City of Omaha Police Depart.*, 335 F.3d 804, 807 (8th Cir. 2003); *United States v. Eagleboy*, 200 F.3d 1137, 1138 (8th Cir. 1999); *United States v. Perry*, 152 F.3d 900, 903 (8th Cir. 1998); *United States v. Bell*, 86 F.3d 820, 823 (8th Cir.), *cert. denied*, 519 U.S. 955 (1996). To show discriminatory effect, "the claimant must show that similarly situated individuals of a different race were not prosecuted." *Armstrong*, 517 U.S. at 456; *accord Jefferson*, 335 F.3d at 807. To prove discriminatory purpose, a defendant must show that the government pursued its course for the forbidden reason; that is, it "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Wayte*, 470 U.S. at 608 (quoting *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)); *see United States v. Brown*, 9 F.3d 1374, 1376 (8th Cir. 1993) (noting that defendant "must also prove discriminatory purpose-that the prosecutor's decision to charge him with this drug trafficking crime was based at least in part on his race.").

Here, aside from defendant Luevano-Mayorga's bare declaration that the government's decision to prosecute him was "irrational", he has made no allegations which, if proven, would show discriminatory effect or discriminatory intent in this case. Clear evidence that similarly situated defendants of other races were not prosecuted would include some analysis of how defendant Luevano-Mayorga is similarly situated to persons not prosecuted. Defendant Luevano-Mayorga has not directed the court's attention to any similarly situated previously deported alien of another race or nationality who was not prosecuted, nor does he claim that he possesses any such evidence. Thus, defendant Luevano-Mayorga has not shown selective prosecution, as he has not rebutted the presumption of regularity supporting the government's decision to prosecute. Defendant

12

Luevano-Mayorga has neither made a *prima facie* showing that he was singled out for prosecution while others similarly situated who committed the same crime were not prosecuted nor demonstrated that the prosecution was constitutionally invidious in that it rested upon such impermissible considerations such as his race. Under these circumstances, defense counsel's failure to raise this defense did not constitute ineffective assistance of counsel. Therefore, this part of defendant Luevano-Mayorga's motion is also denied.

### *C. Certificate Of Appealability*

Defendant Luevano-Mayorga must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Luevano-Mayorga's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R.

APP. P. 22(b). With respect to Luevano-Mayorga's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III. CONCLUSION

Defendant Luevano-Mayorga's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 20th day of March, 2007.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA